# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CECORR, INC. d/b/a VISTA CORRUGATED,
INC., an Indiana corporation,

        Plaintiff,

v.                                                                              No. Civ. 00-705 JC/LFG

GARLAND & LOMAN CONSTRUCTION,
INC., a New Mexico corporation; GERALD
CHARLES LUNDEEN, a New Mexico resident;
LUNDEEN AND ASSOCIATES, INC., a New
Mexico Corporation; DAVID BOLLSCHWEILER,
a New Mexico resident; and DAVID BOLLSCHWEILER
ENGINEERING, a New Mexico sole proprietorship,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff Cecorr, Inc.'s Motion to Dismiss Lundeen Defendants' Counterclaim, filed August 31, 2000 *(Doc. 23)*; Plaintiff Cecorr, Inc.'s Motion to Dismiss Bollschweiler Defendants' Counterclaims, filed September 13, 2000 *(Doc. 25)*; Lundeen Defendants' Motion to Continue Time to Amend Counterclaim, filed September 29, 2000 *(Doc. 39)*; Plaintiff Cecorr, Inc.'s Motion to Dismiss Defendant Lundeen's Amended Counterclaim, filed November 16, 2000 *(Doc. 47)*; Lundeen Defendants' Request for Leave to File Surreply to Plaintiff's Motion to Dismiss Amended Counterclaim, filed January 19, 2001 *(Doc. 68)*; and Lundeen Defendants' Motion to Add Georgia Pacific as a Necessary Party, filed October 26, 2000 *(Doc. 45)*.

**I.**     **Background**

Plaintiff Cecorr, Inc. ("CeCorr") hired Garland & Loman Construction, Inc., ("Garland & Loman") to build a corrugated paper plant and supporting facilities in Santa Theresa, New Mexico. According to the agreement, Garland & Loman was responsible for total design and construction of the facility, including professional design services, labor, materials and equipment. Cecorr alleges that Garland & Loman in turn hired Lundeen and Associates, Inc. to provide architectural and engineering services. Cecorr also alleges that Garland & Loman hired David Bollschweiler Engineering to provide architectural and engineering services. Cecorr now brings suit to recover damages arising out of the faulty design and construction of the facility. Specifically, Cecorr alleges that the roof and exterior concrete are defective, resulting in continuing damage to the facility and the inventory within the buildings.

**II.    Motions**

Plaintiff filed its Complaint in this Court on May 15, 2000 alleging claims for breach of contract, breach of warranty and negligence. Defendants Gerald Lundeen and Lundeen and Associates, Inc. ("Lundeen Defendants") requested an extension of time in which to answer Cecorr's complaint. *See* Motion, filed June 29, 2000 *(Doc. 13)*. The Court granted the motion, allowing the Lundeen Defendants until July 17, 2000 to file an answer. *See* Order, filed July 6, 2000 *(Doc. 14)*. However, Lundeen Defendants did not file their Answer and Counterclaim until July 25, 2000 *(Doc. 17)*, pursuant to a stipulated order filed August 1, 2000 *(Doc. 19)*. Defendants David Bollschweiler and David Bollschweiler Engineering, Inc. ("Bollschweiler Defendants"), proceeding *pro se*, filed their Answer and Counterclaim on August 14, 2000 *(Doc. 20)*.

    **1.    Motion to Dismiss Bollshweiler Defendants' Counterclaims**

Plaintiff Cecorr moved to dismiss Lundeen and Bollschweiler Defendants' counterclaims. *See* Plaintiff Cecorr, Inc.'s Motion to Dismiss Lundeen Defendants' Counterclaim, filed August 31, 2000 *(Doc. 23)*; Plaintiff Cecorr, Inc.'s Motion to Dismiss Bollschweiler Defendants' Counterclaims, filed September 13, 2000 *(Doc. 25)*. At present, Bollshweiler Defendants have yet to respond to Plaintiff's motion to dismiss. Plaintiff's motion was mailed to Defendant David Bollschweiller on August 22, 2000, almost one month before the motion was filed. Pursuant to D.N.M.LR-Civ 7.5(b), "failure to serve or file ... a response in opposition to any motion constitutes consent to grant the motion." Accordingly, Plaintiff Cecorr, Inc.'s Motion to Dismiss Bollschweiler Defendants' Counterclaims *(Doc. 25)* is granted.

### 2.    [Original] Motion to Dismiss Lundeen Defendants' Counterclaims / Lundeen Defendants Motion to Continue Time to File Amended Counterclaims

Lundeen Defendants, in response to Plaintiff's motion to dismiss, moved to continue the time to amend their counterclaim. *See* Lundeen Defendants' Motion to Continue Time to Amend Counterclaim, filed September 29, 2000 *(Doc. 39)*. Although Lundeen's motion to continue was opposed, Lundeen Defendants filed an Amended Answer and Counterclaim on October 26, 2000 *(Doc. 44)* without an opinion or order from the Court. In response to Lundeen Defendants' amended complaint and counterclaim, Plaintiff Cecorr filed another motion to dismiss Lundeen Defendants' counterclaims. *See* Plaintiff Cecorr, Inc.'s Motion to Dismiss Defendant Lundeen's Amended Counterclaim, filed November 16, 2000 *(Doc. 47)*. Therefore, Lundeen Defendants' Motion to Continue Time to Amend Counterclaim *(Doc. 39)* and Plaintiff Cecorr, Inc.'s [Original] Motion to Dismiss Lundeen Defendants' Counterclaim *(Doc. 23)* are moot.

### 3. Motion to Dismiss Lundeen Defendants' Amended Counterclaim / Lundeen Defendants' Request for Leave to File Surreply to Plaintiff's Motion

Plaintiff Cecorr moves to dismiss Lundeen Defendants' Amended Counterclaim for failure to state a claim upon which relief may be granted. *See* Plaintiff Cecorr, Inc.'s Motion to Dismiss Defendant Lundeen's Amended Counterclaim, filed November 16, 2000 *(Doc. 47)*. A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it is clear that the nonmovant could prove no set of facts in support of the claim that would entitle the nonmovant to relief. *See H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the movant. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (citing *Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1566 (10th Cir. 1993)).

The first counterclaim alleged by Lundeen Defendants is fraud. Cecorr argues that Lundeen has failed to plead fraud with specificity as required by FED. R. CIV. P. 9(b) which provides that in all "averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." In response, Lundeen refers to their Amended Answer and Counterclaims *(Doc. 44)* for specific facts to support their claim of fraud. However, Lundeen's Amended Answer and Counterclaim fails to set forth specific instances of misrepresentation which constitute fraud. It appears that Lundeen Defendants argue that the allegations in Plaintiff's Complaint are false and misrepresent facts to the Court and their insurer. Nevertheless, a general denial of allegations does

4

not meet the particularity requirements of Fed. R. Civ. P. 9(b). *See Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997)("Simply stated, a complaint [of fraud] must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof").

Plaintiff also seeks to dismiss Lundeen Defendants' counterclaims of malicious prosecution and abuse of process. In order to prove a claim of malicious abuse of process, Lundeen must show "both a misuse of the power of the judiciary by a litigant and a malicious motive." *See Devaney v. Thriftway Marketing Corp.*, 124 N.M. 512 (1998). Again, Lundeen Defendants merely allege that Plaintiff's Complaint is false and that the lawsuit was filed maliciously. Lundeen fails to identify conduct constituting abuse of power or facts to support Plaintiff's malicious intent in filing this lawsuit. Likewise, Lundeen Defendants' counterclaims of intentional interference of contract, intentional interference with prospective contractual relations, and prima facie tort fail to set forth specific facts to support their claims. Denial or disagreement with Plaintiff's version of the facts is insufficient to prove Lundeen's claims. Lundeen's Response offers no help, as it merely refers the Court to the general allegations of fact made in their Amended Answer and Counterclaim. *See* Lundeen's Response, filed December 19, 2000 *(Doc. 58)*.

Furthermore, Lundeen's motion for leave to file a surreply is not well taken. Under local civil rule 7.6(b), the filing of a surreply requires leave of the court. *See* D.N.M.LR-Civ. 7.6(b) Nevertheless, Lundeen submits their Amended Answer and Counterclaims as an attachment to their surreply. *See* Lundeen's Motion to File Surreply, filed January 19, 2001 *(Doc. 68)*. As discussed above, the Amended Answer and Counterclaim is devoid of specific facts which support Lundeen's claims for relief. Thus, the surreply does not address any arguments not previously raised by

5

Lundeen's Response, nor would it offer any additional information to aid the Court in its decision.

As an alternative to dismissal, Lundeen Defendants seek leave to amend their counterclaims if the Court finds that the Amended Answer and Counterclaims fail to state a claim for relief as written. The Federal Rules of Civil Procedure generally provide that a court should freely grant leave to amend when justice so requires. *See* FED. R. CIV. P. 15(a). *See also Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999). The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U S West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). In this case, the Court finds that Lundeen Defendants have failed to demonstrate that an additional amendment would cure the present deficiencies in their counterclaims. Lundeen's Response and proposed surreply set forth no additional facts to support their claims, and the Court finds no reason to suspect that another Amended Answer and Counterclaim would produce a different result. This conclusion is supported by Lundeen's failure to cure the deficiencies in their original Answer and Counterclaim, despite notice given by Plaintiff's Original Motion to Dismiss. Finally, dismissal of Lundeen Defendants' counterclaims in no way limits their ability to defend themselves against Plaintiff's claims.

For the foregoing reasons, Lundeen Defendants' Motion for Leave to File Surreply is denied. Also, Plaintiff's Motion to Dismiss Lundeen Defendants' Counterclaims is granted.

### 4. Lundeen Defendants' Motion to Add Georgia Pacific as a Necessary Party

Lundeen Defendants move to add Georgia Pacific, parent Company of Plaintiff Cecorr, Inc., as a Counter-defendant. *See* Lundeen Defendants' Motion to Add Georgia Pacific as a Necessary Party, filed October 26, 2000 *(Doc. 45)*. In light of the Court's dismissal of Lundeen's counterclaims,

Defendants' motion is hereby moot.

Wherefore,

**IT IS ORDERED** that Plaintiff Cecorr, Inc.'s Motion to Dismiss Lundeen Defendants' Counterclaim, filed August 31, 2000 *(Doc. 23)* is **MOOT**.

**IT IS ORDERED** that Plaintiff Cecorr, Inc.'s Motion to Dismiss Bollschweiler Defendants' Counterclaims, filed September 13, 2000 *(Doc. 25)* is **GRANTED**.

**IT IS ORDERED** that Lundeen Defendants' Motion to Continue Time to Amend Counterclaim, filed September 29, 2000 *(Doc. 39)* is **MOOT**.

**IT IS ORDERED** that Plaintiff Cecorr, Inc.'s Motion to Dismiss Lundeen Defendants' Amended Counterclaim, filed November 16, 2000 *(Doc. 47)* is **GRANTED**.

**IT IS ORDERED** that Lundeen Defendants' Request for Leave to File Surreply to Plaintiff's Motion to Dismiss Amended Counterclaim, filed January 19, 2001 *(Doc. 68)* is hereby **DENIED**.

**IT IS ORDERED** that Lundeen Defendants' Motion to Add Georgia Pacific as a Necessary Party, filed October 26, 2000 *(Doc. 45)* is hereby **MOOT**.

DATED March 8, 2001.

                                                    UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff Cecorr, Inc.:

    David W. Bunting, Esq.
    Rodey, Dickason, Sloan, Akin & Robb, P.A.
    Albuquerque, New Mexico

Attorney for Lundeen Defendants:

    Carolyn J. Bierman, Esq.
    Belen, New Mexico

Attorney for Bollschweiler Defendants:

    David Bollschweiler
    Las Cruces, New Mexico
    Defendant Pro Se